IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY G. HARRIS, #N-57672** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **WARDEN RYKER,** | ) |
| **WARDEN HODGE,** | ) |
| **WARDEN CAMPANELLA,** | ) |
| **DONALD GAETZ,** | )   **CIVIL NO. 11-648-GPM** |
| **TERRY G. WADKINS,** | ) |
| **BRETT A. KLINDWORTH,** | ) |
| **CAROL McBRIDE** | ) |
| **LT. RUNYUN,** | ) |
| **DANNY ALLEN,** | ) |
| **RICHARD A. BOWERMAN,** | ) |
| **LT. BRADLEY,** | ) |
| **LT. WILLIAMS,** | ) |
| **WARDEN SWARTZ** | ) |
| **BARNEY HUGHES,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Mr. Larry G. Harris, currently an inmate incarcerated at Lawrence Correctional Center ("Lawrence"), was at some times relevant to this action housed in the Pinckneyville Correctional Center ("Pinkneyville"). This case initially came before the Honorable Michael J. Reagan pursuant to 28 U.S.C. § 1915A in case 3:10-cv-596-MJR. Judge Reagan's Threshold Order articulated all of Plaintiff's respective claims, but severed several counts because they did not arise from the same transaction or occurrence as the first two counts. *See Larry G. Harris v. Warden*

*Ryker, et al.*, S.D. Ill., Civil Case No.10-596-MJR (Doc. 17). Accordingly, the severed counts now come before this Court pursuant to 28 U.S.C. § 1915A for threshold review.

The Court finds it unnecessary to restate the facts here in this Threshold Order. The relevant facts can be found in this case's docket at Document 3, pages 2-4. The Court will proceed directly with its analysis of Plaintiff's claims.

In Count One, Plaintiff alleges that all the actions that occurred after he filed his July 31, 2009 grievance were taken against him in an effort to retaliate. These actions include due process violations, transfer to Lawrence, deprivation of property, and failure to protect. Plaintiff claims that Defendants Ryker, Hodge, Campanella, Gaetz, Wadkins, Klindworth, McBride, Bradley, Runyun, Allen, Bowerman, Williams, Swartz, and Hughes all conspired to retaliate against him for filing the grievance. "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987). Accordingly, Plaintiff has articulated a colorable federal claim for retaliation in violation of Plaintiff's First Amendment right to use the prison grievance system. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

Count two is a procedural due process claim against Defendants Klindworth and McBride. According to Plaintiff, on two separate occasions, Defendants failed to provide him with a fair and impartial disciplinary hearing. Plaintiff fails to elaborate on *how* the hearing was unfair or biased. As a result, Plaintiff was sent to an unspecified amount of time in segregation. In general, prison disciplinary hearings satisfy procedural due process if the prisoner received advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison safety

allows, and a written statement of the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Here, Plaintiff's allegation that he did not receive a fair and impartial hearing seems to be a dissatisfaction with the outcome of the hearing. Plaintiff's allegations are insufficient to state a claim for relief. The Court cannot simply "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). This claim against Defendants Klindworth and McBride is dismissed with prejudice.

Count three is Plaintiff's claim that a transfer from Pinkneyville to Lawrence impinged Plaintiff's constitutional rights because Lawrence is a "punishment prison." Plaintiff directs this claim against Defendant Swartz. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Certainly, it is true that "inmate[s] have a liberty interest in avoiding placement in more restrictive conditions, such as segregation, when those conditions pose an atypical and significant hardship when compared to the ordinary incidents of prison life." *Townsend*, 522 F.3d at 771. That is not what is at issue in this case. Here, both Pinkneyville and Lawrence are level-two secure institutions. Plaintiff fails to plead facts that state a claim for relief plausible on its face. This claim against Defendant Swartz is dismissed with prejudice.

In Count Four, Plaintiff alleges that he was deprived of his property when Defendants Bowerman and Williams ordered multiple shakedowns on his cell and confiscated his property. He

was further deprived of his property when Plaintiff was sent to segregation at Lawrence and his property was given to another individual.

To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must assert a deprivation of liberty or property without due process of law; but if the state provides an adequate remedy, Plaintiff has *no* civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). This claim by Plaintiff against Bowerman and Williams is dismissed with prejudice. *See McGinnis*, 5 F.3d at 1037 ("In sum, we hold that because the state of Illinois provides [plaintiff] with an adequate postdeprivation remedy, [plaintiff's] due process rights were not violated when Stateville officers confiscated and destroyed his property in violation of IDOC regulations.")

Finally, Count Five is Plaintiff's failure to protect claim. According to Plaintiff, he was given a cell-mate with known aggressive tendencies. Plaintiff told Defendants Runyun, Wadkins, and Bradley that his cell-mate was a threat to him, but these Defendants refused to move Plaintiff or the cell-mate to a different cell. Plaintiff was eventually assaulted by his cell-mate.

Not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To succeed on a failure to protect claim, Plaintiff must show he was incarcerated under conditions posing a substantial risk of serious harm, and the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). A plaintiff

also must prove prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).

Here, the communication between Plaintiff and Defendant fails to achieve the level of specificity required to state a claim for failure to protect. Reports that your cell-mate is aggressive and a threat is simply not enough. As such, Plaintiff fails to plead facts that state a claim for relief plausible on its face.

**PENDING MOTIONS**

Plaintiff has filed a motion for status hearing (Doc. 6). This motion (Doc. 6) is **DENIED**, as this case has just cleared threshold review. The Clerk of the Court shall send a copy of the docket sheet in addition to this Memorandum and Order to Plaintiff. Plaintiff has also filed a motion to sever claims, whereupon Plaintiff seeks to sever his claim that transfer to Lawrence impinged his constitutional rights (Doc. 7). This Court has examined Plaintiff's claim and determined that it fails to state a claim for relief. This motion (Doc. 7) is **DENIED**.

Finally, Plaintiff has filed a motion for service of process at Government expense (Doc. 8). Plaintiff is not proceeding in this case *in forma pauperis*. *See Generally Larry G. Harris v. Warden Ryker, et al.*, S.D. Ill., Civil Case No. 3:11-648-GPM. In fact, Plaintiff has paid the necessary $350.00 filing fee. *Id*. However, the Court recognizes that because Plaintiff is incarcerated and he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m). Accordingly, Plaintiff's motion for service of process at Government expense (Doc. 8) is **GRANTED**.

**DISPOSITION**

       **COUNT One** survives threshold review and shall receive further consideration.

       **Counts Two, Three, and Five** fail to state a claim upon which relief can be granted and are **DISMISSED** with prejudice.

       **Count Four** is **DISMISSED** because the State provides an adequate remedy, and therefore Plaintiff has *no* civil rights claim.

       The Clerk of the Court is **DIRECTED** to (1) issue summons to **Defendants Ryker, Hodge, Campanella, Gaetz, Wadkins, Klindworth, McBride, Bradley, Runyun, Allen, Bowerman, Williams, Swartz, and Hughes**, (2) prepare, on Plaintiff's behalf, a form USM-285 for each Defendant, and (3) deliver service packets for each defendant, consisting of the completed summons, a USM-285 form, a copy of the complaint, and a copy of this Memorandum and Order  The United States Marshal **SHALL**, pursuant to Federal Rule of Civil Procedure 4, personally serve upon each Defendant the summons, a copy of the complaint, and a copy of this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshal Service.

       It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
DATED: August 23, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge