IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS, #N-57672, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-648-GPM |
| | ) |
| WARDEN RYKER, WARDEN HODGE, | ) |
| WARDEN CAMPANELLA, DONALD | ) |
| GAETZ, TERRY G. WADKINS, BRETT | ) |
| A. KLINDWORTH, CAROL McBRIDE, | ) |
| LT. RUNYUN, DANNY ALLEN, | ) |
| RICHARD A. BOWERMAN, | ) |
| LT. BRADLEY, LT. WILLIAMS, | ) |
| WARDEN SWARTZ, BARNEY HUGHES, | ) |
| | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

     This matter is before the Court on a motion to reconsider (Doc. 24) filed by Plaintiff, Mr. Larry G. Harris, who is currently incarcerated at Lawrence Correctional Center ("Lawrence"). This case initially came before the Honorable Michael J. Reagan pursuant to 28 U.S.C. § 1915A in case 3:10-cv-596-MJR. Judge Reagan's Threshold Order articulated all of Plaintiff's respective claims, but severed several counts because they did not arise from the same transaction or occurrence as the first two counts. *See Larry G. Harris v. Warden Ryker, et al.*, S.D. Ill., Civil Case No.10-596-MJR (Doc. 17). Accordingly, the severed counts came before this Court pursuant to 28 U.S.C. § 1915A for threshold review.

After a careful review of Plaintiff's complaint, the Court held that Plaintiff's claim for a procedural due process violation failed to state a claim for relief (Doc. 9). The Court also held Plaintiff's claim that transfer from Pinkneyville Correctional Center to Lawrence impinged his constitutional rights failed to state a claim for relief (Doc. 9). Plaintiff's Fourteenth Amendment claim for deprivation of property was dismissed because the State provides an adequate post-deprivation remedy (Doc. 9). The Court dismissed Plaintiff's failure to protect claim because it did not state a claim for which relief can be granted (Doc. 9). Plaintiff's claim for retaliation survived threshold review.

Plaintiff now asks the Court to reconsider its prior Order (*See* Doc. 24). The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under Federal Rule of Procedure 59(e). *Id*.

Although Plaintiff's motion is filed under Federal Rule of Procedure 52(b) and 59(b) (Doc. 24), neither of these Rules is applicable in light of Plaintiff's motion. A review of the papers informs the Court that Plaintiff is concerned with the Court's error in assessing Plaintiff's complaint (See Doc. 24). Since Plaintiff's motion was filed within a timely manner, the Court construes Plaintiff's motion as a motion to alter or amend judgment pursuant to Federal Rule of Procedure 59(e). Yet a motion pursuant to Federal Rule of Procedure 59(e) is not "an appropriate

forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 2000).

Upon review of the record, the Court remains persuaded the Court's August 24, 2012 Order dismissing four of Plaintiff's five claims was correct. Plaintiff's motion for reconsideration (Doc. 24) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: October 30, 2012

/s / *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge