IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY G. HARRIS, # N57672 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-648-GPM |
| | ) |
| WARDEN LEE RYKER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for injunction against retaliation filed by Plaintiff Larry G. Harris (Doc. 86). Defendants subsequently filed a response (Doc. 87) and Plaintiff then filed a reply brief (Doc. 88). Plaintiff claims that he was transferred from Lawrence Correctional Center ("Lawrence"), which is a medium security facility, to Menard Correctional Center ("Menard"), which is a maximum security facility as a form of punishment for filing lawsuits (Doc. 86). Plaintiff further claims that he is not receiving his medical soy-free diet, he is being denied access to his typewriter, trust fund monies, the phone, the law library, and the commissary (Doc. 86). Therefore, Plaintiff seeks an injunction from this Court ordering all of this retaliatory conduct to cease and the return of items he has been deprived of at Menard (Doc. 86).

In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v.*

*Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), (citing *Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012)). In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). *See also Westefer,* 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

In the present case, Plaintiff has failed to show that his claim regarding the transfer from Lawrence to Menard is likely to succeed on the merits. "The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison, if, as is likely, the State has more than one correctional institution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Transfer between institutions can be made for any number of reason and the simple assertion that life is more disagreeable in one institution than in another is not enough to state a claim. *Id*. at 225. Plaintiff readily concedes that he was transferred to Centralia Correctional Center ("Centralia") to confer with his attorney on another lawsuit and then subsequently transferred to Menard (Doc. 88). Accordingly, Defendant's contention that Plaintiff was transferred in order to be closer in

proximity to the East St. Louis Courthouse for trial seems highly likely. Plaintiff has pleaded no plausible facts to suggest this transfer was done as a retaliatory act.

Plaintiff has failed to show that he is likely to succeed with regard to his request for the return of certain items and access to the library and commissary. To state a claim for retaliation, it is necessary to assert a series or chronology of events, from which retaliation may plausibly be inferred. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Id*. at 229. Moreover, the Court is mindful that it knows "little about the management of prisons; managerial judgments generally are the province of other branches of government than the judicial; and it is unseemly for federal courts to tell a state . . . how to run its prison system." *Scarver v. Litscher*, 434 F.3d 972,976-77 (7th Cir. 2006), (citing *Duran v. Elrod*, 760 F.3d 756, 759) (7th Cir. 1985) *and Bell v. Wollfish*, 441 U.S. 520, 547 (1979)). Again, Plaintiff has not pleaded plausible facts to suggest these acts have been done as a form of retaliation. The assertion that there is "no other reason" for the complained of acts other than retaliation is a conclusory statement that can only stand when supported by facts (Doc. 86, p. 5). The facts, as pleaded, merely show dissatisfaction on the part of Plaintiff with recent occurrences, which he has attempted to equate to retaliatory acts.

Finally, a note is necessary on Plaintiff's claim that he is being denied his "medical no soy diet" as a retaliatory act. Although some specific information is provided such as who issued this "no soy" diet and when it was issued, this is not enough for the Court to determine whether Plaintiff is *likely* to succeed on the merits. There is no mention regarding the frequency with

which this is occurring and for how long this has been occurring. In sum, more particularity is required.

Each of Plaintiff's claims have been disposed because he has not shown that he is likely to succeed on any on the merit. But it is important to also note that Plaintiff has not demonstrated he will suffer irreparable harm absent the Court's granting of the injunction. The motion for injunction (Doc. 86) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: August 7, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge