IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| LARRY G. HARRIS, #N57672, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-648-NJR-DGW |
| | ) | |
| WARDEN LEE RYKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PURPORTED DEAD INMATE

The Defendants, RICHARD BOWERMAN and RONALD WILLIAMS, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, move for an order *in limine* barring Plaintiff from making reference to or attempting to introduce evidence related to his assertion that security staff failed to respond to an inmate's heart attack in July 2009 and the inmate died in his cell.

In support of this motion, Defendants provide the following:

### Introduction

Following this Court's order on the parties' motions for summary judgment, this case will proceed to trial on two claims: (1) that Defendant Bowerman retaliated against Plaintiff for filing grievances, and (2) that Defendant Williams retaliated against Plaintiff for filing written grievances and making verbal complaints.

A grievance that is relevant to Plaintiff's suit contains Plaintiff's concerns about his safety, dated July 31, 2009. Plaintiff's theory underlying the claim against Defendant Williams is that Plaintiff complained to Williams's supervisor, Assistant Warden Earl Wilson, that officers failed to make required rounds, and that this in turn motivated Defendant Williams to discipline Plaintiff.

Plaintiff filed a grievance and gave deposition testimony about his safety concerns. Plaintiff has provided an anecdote to support his concerns, claiming that another inmate at Pinckneyville Correctional Center suffered a heart attack and that an officer ("c/o Redding") did not respond for over half an hour. [d/e 148-1, p. 2]. Plaintiff claims that the inmate was dead when the officer responded. [d/e 148-1, p. 2]. Plaintiff should be barred from introducing that anecdote because it is irrelevant to whether Defendant Williams's conduct was retaliatory. Further, the anecdote could serve to prejudice or inflame the jury against Defendant Williams even though Plaintiff does not claim that Williams—who was a lieutenant at Pinckneyville, not an officer who is required to make regular rounds—played any role in the purported death.

## Argument

**I.  Testimony related to another inmate's death is not relevant to this suit.**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Reference to the death of another inmate is not relevant to this suit because it has no bearing on whether Defendant Williams retaliated against Plaintiff.

While Plaintiff claims that the inmate died in his cell as the result of officers failing to do their rounds, this information is unrelated to Plaintiff's claims against Defendant Williams. Plaintiff claims that Defendant Williams retaliated against him due to verbal complaints he made and grievances Plaintiff filed. Plaintiff alleges that Defendant Williams—a Correctional Lieutenant at Pinckneyville Correctional Center—was making rounds with Assistant Warden Wilson on July 31, 2009. Plaintiff alleges that he made a verbal complaint to the Assistant Warden in front of Defendant Williams about officers failing to make their required rounds. Plaintiff claims that Defendant Williams later allowed inmates to steal Plaintiff's property in

retaliation for Plaintiff's complaints. Later on July 31, 2009, Plaintiff filed a written grievance detailing his complaints about the officers failing to make their rounds. In that grievance, Plaintiff detailed his specific safety complaints about his pacemaker, the lack of emergency buttons in his cell, and the claim that another inmate suffered a heart attack and died in his cell due to the officers' failures.

Plaintiff's theory against Defendant Williams is that Williams retaliated against Plaintiff because Plaintiff brought up the failure of the security staff to do their rounds—security staff who Williams supervised. There is no claim or allegation that Defendant Williams was one of the officers who failed to make required rounds. Similarly, there is no claim or allegation that Defendant Williams retaliated against Plaintiff for bringing up another inmate death. The alleged motivation is simply that Williams did not like Plaintiff bringing up shortcomings of those who he supervised.

The anecdote concerning a dead inmate is too attenuated to be relevant to Plaintiff's claims. Accordingly, any reference to an inmate dying in his cell at Pinckneyville should be excluded from trial. Further, since the July 31, 2009, grievance will likely be used as evidence during the trial, this reference should be redacted from the document.

## II.     Alternatively, the evidence should be excluded under Rule 403.

If this Court finds that the anticipated evidence could be relevant, the evidence referenced should be excluded under Rule 403. Even if evidence is relevant, a court may exclude it if its probative value is outweighed by danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "'Unfair prejudice' within its context means an undue tendency to suggest decision on an

improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, Advisory Committee Notes, 1972.

Reference to a dead inmate may unfairly prejudice the jury against Defendants, who are security members at the prison where the Plaintiff claims the death occurred. Plaintiff's allegations may sway the jury unfairly against Defendants even though there is no allegation that the individual Defendants were involved in a death in any way.

### Conclusion

In summary, any reference to an inmate dying in his cell should be excluded from the evidence presented or testimony elicited at trial. Defendants do not ask that Plaintiff be barred from representing his own personal concerns for his safety, but should be barred from testimony related to other inmates' purported problems or health issues. Defendants also ask for the redaction of any reference to the alleged death within documents that are admitted at trial.

WHEREFORE, Defendants respectfully request that this Court enter an order that bars Plaintiff from referencing a purported inmate death in support of his claims.

    Respectfully submitted,

    RICHARD BOWERMAN and RONALD WILLIAMS,

    Defendants,

    LISA MADIGAN, Attorney General, State of Illinois,

Lisa Cook, #6298233
Assistant Attorney General
500 South Second Street     Attorney for Defendants,
Springfield, Illinois 62706
(217) 782-9094     BY:  s/ Lisa Cook
Email:  lcook@atg.state.il.us     Lisa Cook
Of Counsel.     Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| LARRY G. HARRIS, #N57672, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 11-648-NJR-DGW |
| | ) | |
| WARDEN LEE RYKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2015, the foregoing document, Defendants' Motion in Limine to Exclude Reference to Purported Dead Inmate, was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Edward Abraham Cohen    ecohen@thompsoncoburn.com

Respectfully Submitted,

  s/ Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62706
(217) 785-4555   Phone
(217) 524-5091   Fax
E-Mail:   lcook@atg.state.il.us